IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL W.,[1]

    Plaintiff,

v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 2:20-cv-001122-MK

**OPINION AND ORDER**

**KASUBHAI, Magistrate Judge.**

    Samuel W. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Born in 1994, Plaintiff was a "younger person" when he filed his applications for benefits. (Tr. 207.) Plaintiff attended online special education classes but did not graduate from high school. (Tr. 222-27, 233.) Plaintiff alleged that he has no past relevant work. He alleges disability due to obsessive compulsive disorder, anxiety disorder, and depression. (Tr. 232.)

Plaintiff protectively filed applications for DIB and SSI on September 5, 2017, alleging disability beginning June 30, 2015. (Tr. 207.) The Commissioner initially denied Plaintiff's

PAGE 2 – OPINION AND ORDER

applications. (Tr. 61-62.) Upon reconsideration, however, the Commissioner found that Plaintiff was disabled as of September 5, 2017, and therefore eligible for SSI benefits on the grounds based on a determination that Plaintiff "meets listing 12.06A3ab; B2, 3, 4." (Tr. 87, 109.) Because Plaintiff was last insured for DIB benefits on June 30, 2015, his Title II application was denied. Plaintiff requested a hearing on the denial of his application for DIB and appeared before ALJ Katherine Weatherly. (Tr. 136-38.) On July 30, 2019, ALJ Weatherly found Plaintiff not disabled at any time from October 1, 2013, his date first insured, through June 30, 2015, his date last insured. (Tr. 10-20.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff now seeks judicial review of that decision.

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d

949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

## III.  THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 15-20.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from October 1, 2013, and June 30, 2015. (Tr. 15.) At step two, the ALJ determined that Plaintiff suffered from the impairments OCD, depressive disorder, asthma, eczema, and obesity, but that these were not severe. (Tr. 16.) Based on this finding, the ALJ concluded that Plaintiff was not disabled at any time from October 1, 2013, through June 30, 2015. (Tr. 20.)

Plaintiff argues that the ALJ erred by (1) improperly rejecting Plaintiff's subjective symptom testimony; (2) improperly rejecting the lay witness testimony; and (3) failing to properly assess Plaintiff's mental impairments at step two of the sequential evaluation process.

## DISCUSSION

## I.  SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff first argues that the ALJ improperly rejected his subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

At the administrative hearing, Plaintiff testified that he was unable to work due to his mental symptoms and limitations. Plaintiff alleged that he could not perform work primarily because he was easily overwhelmed. (Tr. 17, 34-36.) He testified that he did not finish high school because he was too anxious and unable to focus. (Tr. 37.) Plaintiff also testified that he suffered physical limitations from allergies including wheezing and shortness of breath, as well as eczema.

The ALJ rejected Plaintiff's testimony. The ALJ first found that Plaintiff's statements conflicted with the medical evidence of record, which revealed that Plaintiff's symptoms were controlled with medication. (Tr. 17-18.) The ALJ may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while Plaintiff alleged debilitating mental symptoms including an inability to focus and a tendency to become overwhelmed, the medical records show that Plaintiff's mental health medications worked well. (Tr. 364.) Specifically, Plaintiff reported in November 2011 that Celexa was "working well" with no side effects; and had success with the medication Citalopram. (Tr. 355, 513.) Plaintiff's treatment providers wrote that his anxiety and depression were well-managed on medication. (Tr. 497-98, 505-09, 511.) Further, by contrast with Plaintiff's allegation of extreme anxiety, Plaintiff presented on multiple examinations as talkative, well-groomed, and conversant; with good eye contact, normal affect, and normal judgment; and reported feeling "great." (Tr. 355, 499.) On this record, the ALJ presented clear and convincing reasons to reject Plaintiff's testimony regarding the nature and severity of his mental symptoms. Carmickle, 533 F.3d at 1161.

Plaintiff argues that the medical evidence addressed by the ALJ of Plaintiff's normal affect and judgment cannot constitute substantial evidence because this evidence was assessed by a health professional that was consulted for reasons other than Plaintiff's mental health issues, citing

PAGE 5 – OPINION AND ORDER

Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). In Sousa, the court noted that an absence of notes related to mental problems in a physician's records was not probative if the physician was consulted for other matters. Id. at 1244. Here, however, the medical records cited by the ALJ specifically address and contradict allegations made in Plaintiff's testimony: for example, his testimony that "I become extremely anxious when out in public, my heart races, I get really sweaty and I feel like I'm going to pass out." (Tr. 244.) Because the ALJ cited evidence that directly contradicts this testimony regarding the symptoms of Plaintiff's OCD – revealing normal affect and upbeat mood (feeling "great") while Plaintiff was out in public – the ALJ's reasoning was supported by substantial evidence.

The ALJ also rejected Plaintiff's testimony regarding his physical limitations because they were contradicted by evidence in the medical record. Here, while Plaintiff complained of wheezing and shortness of breath in 2013, it was also noted by his provider that Plaintiff forgot to use his Advair, an asthma medication. (Tr. 513.) Further, while Plaintiff reported suffering from eczema, he also noted that he preferred not to use Vaseline as directed by his medical provider. (Tr. 513.) Medical records revealed normal physical examination results, mild eczema, and inconsistent compliance with asthma medication. (Tr. 515.) On this record, the ALJ provided a legally sufficient reason to reject Plaintiff's physical complaints. In sum, the ALJ provided adequate reasons supported by substantial evidence in the record to reject Plaintiff's testimony regarding his subjective symptoms and limitations.

## II. LAY WITNESS TESTIMONY

Plaintiff next argues that the ALJ improperly rejected the lay testimony of multiple witnesses including his friends and family, his school registrar, and Plaintiff's mental health

counselor Brian Bulemore. The ALJ is required to provide germane reasons for rejecting a lay witness's testimony. Turner v. Comm'r, 613 F.3d 1217, 1223-23 (9th Cir. 2010).

**1. Plaintiff's Friends and Family**

Plaintiff first contests the ALJ's rejection of the lay testimony of his friends and family. Here, the Agency received statements from Plaintiff's brother, Jeff W.; Plaintiff's mother, Wendy W.; Plaintiff's father, Joseph W., and Plaintiff's friends, Sara Koberstein, Sandy McRae, Morgan Duvenick, and Jason Wachel. (Tr. 310-17, 318-25, 326-33, 334-41.) Each of these witnesses submitted a function report regarding Plaintiff's symptoms and limitations, as well as their opinions regarding Plaintiff's functional abilities. Each of these witnesses reported that Plaintiff suffered from severe and debilitating mental symptoms, including anxiety and other symptoms related to OCD.

The ALJ rejected each of these statements because they were inconsistent with Plaintiff's treatment records during the relevant period. (Tr. 18.) Inconsistency with the medical records is a germane reason for rejecting lay witness testimony. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, although the ALJ found that Plaintiff became disabled by his impairments in September 2017, the ALJ noted that the medical evidence in 2013, 2014, and 2015 showed that Plaintiff's medications controlled his symptoms and that he presented as pleasant, with normal affect, judgment, and insight. (Tr. 18, 355, 364.) On this record, the ALJ provided a germane reason to reject the lay testimony that Plaintiff's symptoms and limitations during the relevant period were severe and completely debilitating. Bayliss, 427 F.3d at 1218.

Plaintiff argues that the Commissioner's justification for rejecting these opinions is an impermissible post-hoc rationale, because the ALJ did not clearly indicate an inconsistency with the medical record in her analysis of the lay testimony. As the Ninth Circuit held in Molina,

however, "where the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not 'clearly link his determination to those reasons.'" Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012) (superseded by regulation on other grounds). Because the ALJ clearly discussed medical evidence that contradicted the lay testimony, pointing out a "sharp contrast" between the lay testimony and the medical records, her conclusion was rational and cannot be second-guessed by this Court.

### 2. School Registrar's Statement

Plaintiff next argues that the ALJ improperly discounted evidence of his limitations documented within a statement from the registrar of Plaintiff's former high school. Here, the ALJ discounted the registrar's statement because the records show that Plaintiff's symptoms were managed on medication since 2011, when Plaintiff was in high school. (Tr. 19, 222-27, 355, 364, 497, 515.) As noted, inconsistency with the medical evidence is a germane reason for rejecting a lay opinion regarding a claimant's functional abilities. Bayliss, 427 F.3d at 1218. On this record, the ALJ provided sufficient germane reason for rejecting the lay testimony of the school registrar.

Plaintiff argues that the ALJ's reason for rejecting the registrar's records was not germane, because Plaintiff's OCD was never controlled with medication. As discussed above, however, the ALJ credited medical evidence in the record that contradict the allegations of debilitating limitations related to OCD. (Tr. 18, 355, 364.) On this record, the ALJ provided a germane reason to reject the lay testimony that Plaintiff's symptoms and limitations during the relevant period were severe and completely debilitating. Molina, 674 F.3d at 1121.

### 3. Mental Health Counselor Brian Bulemore

Plaintiff also argues that the ALJ erred in rejecting the testimony of Mr. Bulemore, Plaintiff's mental health counselor. Mr. Bulemore began treating Plaintiff in 2017, two years after the relevant period ended. (Tr. 517-22.) In rejecting Mr. Bulemore's opinion, the ALJ noted that he did not attempt to relate his opinion back to Plaintiff's conditions during the relevant period at issue in this case. (Tr. 19.) The ALJ may reject a medical opinion that does not address a claimant's condition during the relevant period. Tidwell, 161 F.3d at 602. Further, the ALJ found the Mr. Bulemore's opinion, which assessed significant mental limitations, was inconsistent with the medical records of the relevant period, discussed throughout this Opinion. On this record, the ALJ's rejection of Mr. Bulemore's opinion was supported by substantial evidence. Bayliss, 427 F.3d at 1218.

### III. STEP TWO FINDINGS

Plaintiff argues, finally, that the ALJ's opinion should be reversed because the ALJ failed to find that all of Plaintiff's mental impairments were "severe" at step two of the sequential analysis. At step two, the claimant has the burden to show that he has a medically severe impairment or combination of impairments. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999). To count as severe, an impairment must "significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). An impairment is not severe "when [the] medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSF 85-28, available at 1985 WL 56856, at *3.

Here, the ALJ found that Plaintiff suffered from some mental and physical impairments but that none of them rose to the severe level under the Regulations. (Tr. 19-20.) To support this

finding, the ALJ cited the medical evidence, discussed above, that Plaintiff's symptoms were well-managed with medications and that he presented to medical providers with normal affect and judgment. (Tr. 499.) Based on her evaluation of the medical record, the ALJ therefore concluded that none of Plaintiff's impairments were more than slight abnormalities and that they would have no more than a minimal effect on Plaintiff's ability to work. This finding was based on a reasonable interpretation of the record and is supported by substantial evidence. The ALJ's decision denying Plaintiff's application for DIB is affirmed.

## CONCLUSION

For the reasons stated, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

DATED this 13th day of July 2021.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge